Filed 01/29/26

| | | |
|---|---|---|
| **VERMONT SUPERIOR COURT**<br>Washington Unit<br>65 State Street<br>Montpelier VT 05602<br>802-828-2091<br>www.vermontjudiciary.org |  | CIVIL DIVISION<br>Case No. 25-CV-02495 |

| **Matthais Boehm et al v. Phillip Mulligan et al** |
|---|

## ENTRY REGARDING MOTION

**Title:** Motion to Dismiss (Motion: 5)
**Filer:** Elizabeth A. Willhite
**Filed Date:** December 04, 2025

The motion is DENIED.

### Decision on Defendants' Motion to Dismiss

Plaintiffs Matthais Boehm and Ulrike Von Loeper claim that they rented a residential property in Chelsea, Vermont from Defendants Phillip Mulligan and Susan Morse. They claim that when they traveled to Germany during the tenancy, Defendants illegally evicted them in violation of 9 V.S.A. § 4463 and reneged on an agreement to sell the home to them in violation of the Consumer Protection Act, 9 V.S.A. §§ 2451–2494z, somehow resulting in the destruction of their personal property. They seek monetary relief only. Defendants seek dismissal, arguing that venue is improper in the Washington Unit because the rented property is located within the Orange Unit.

The venue issue has a somewhat odd history in this case. After filing suit in this unit, Plaintiffs filed a motion requesting that the court "transfer" venue to the Orange Unit on an interlocutory basis. The court noted the lack of statutory authority to do so in these circumstances and asked whether there was any reason that the case should not be dismissed—obviously, though implicitly, in service of Plaintiffs' expressed desire to pursue the case in the Orange, rather than Washington, Unit. Plaintiffs, in response, filed a memorandum objecting to dismissal on improper venue grounds and arguing in support of the appropriateness of venue in Washington under 12 V.S.A. § 402 and *Bergeron v. Boyle*, 2003 VT 89, 176 Vt. 78. In response to that filing, the Court said in a July 10, 2025, entry: "The Court is unsure of the purpose of the filing. The instant matter is docketed and remains pending in this County [Unit]. The only action taken by the Court was to deny [an interlocutory transfer] of venue."

With the venue issue ostensibly resolved, one might have thought that would have been the last of it. Instead, Defendants then filed a Rule 12(b)(3) motion to dismiss for lack of venue, arguing that the only appropriate venue is Orange because that is where the subject property is.[1] This prompted Plaintiffs to *again* argue that venue is appropriate in Washington under 12 V.S.A. § 402 and *Bergeron v. Boyle*, 2003 VT 89, 176 Vt. 78.

To put this matter to rest, Venue is appropriate in this court under *Bergeron*, as Plaintiffs now have briefed twice. It is unclear why this issue has become the *raison d'etre* for the parties or the focus of the present litigation, and Defendants offer no new basis to support or justify a different outcome.

The general venue statute states that: "An action before a Superior Court shall be brought in the unit in which one of the parties resides, if either resides in the State; otherwise, on motion, the complaint shall be dismissed. If neither party resides in the State, the action may be brought in any unit. Actions concerning real estate shall be brought in the unit in which the lands, or some part thereof, lie." 12 V.S.A. § 402(a). At the time suit was filed (and now so far as the court is aware), none of the parties resided in Vermont. Plaintiffs reside in Germany; Defendants reside in New Hampshire. Plaintiffs thus could have filed suit in *any* unit of the civil division unless this was an action "concerning real estate," in which case it would have to have been filed in the Orange Unit.

But under *Bergeron*, this case, which seeks only money and not title, is not one "concerning real estate." As the *Bergeron* Court explained:

> [W]e have construed § 402(a) narrowly to place venue in the county where the land is located only in actions to "establish or to settle title to real estate." Where no party disputes title, real property actions—including those for ejectment—may properly be brought in the county where either party resides. Therefore, unless an action requires the court to directly establish, quiet, attach, transfer or bestow title to real property, the "concerning real estate" language of § 402(a) does not apply.

*Bergeron*, 2003 VT 89, ¶ 11; see also *Craddock v. Heffermehl*, No. 2018-126, 2018 WL 5785456, *4 n.2 (Vt. Nov. 2, 2018) (unpublished mem.) ("We have construed the restrictive

---

[1] The motion also mentions a lack of personal jurisdiction but says nothing more about the matter. This appears to be an oblique reference to Defendants' argument that they have not yet been properly served. Otherwise, venue and personal jurisdiction are separate concepts. See 14D Wright & Miller, Fed. Prac. & Proc. Juris. § 3801 (4th ed.). The court does not understand Defendants' motion to raise any issue of personal jurisdiction.

venue requirement concerning real property in § 402(a) to apply only to actions establishing or settling title in the subject property."); *Birchwood Land Co., Inc. v. Krizan*, No. 61-10-13 Gicv, 2014 WL 4162881, *1 (Feb. 13, 2014 Vt. Super. Ct.) ("when 'no party disputes title,' then the normal [venue provision] applies").

There is no title dispute in this case. Plaintiffs, based on their and Defendants' out-of-state residence were free to file in any unit.

## Order

For the foregoing reasons, Defendants' motion to dismiss is **Denied**.

Electronically signed on 1/28/2026 11:49 AM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge